# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICARDO DeLEON, | ) |
|                Petitioner, | ) Civil Action No. 3: 15-cv00060 |
| vs. | ) United States District Judge<br>) Kim R. Gibson |
| ERIC H. HOLDER, JR., Attorney General, United States; JOSE SANTANA, Section Chief, Bureau of Prisons Computation Division; and MARK A. KIRBY, Warden, Federal Correctional Institute, Loretto, PA, | ) |
|                Respondents. | ) |

## MEMORANDUM ORDER

On March 5, 2015, the above captioned case was initiated by the filing of a Petition for Writ of Habeas Corpus (ECF No. 1) and was referred to a United States magistrate judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the Local Rules of Court for Magistrate Judges.

On September 4, 2015, the magistrate judge filed a report and recommendation, recommending that the petition be dismissed. The parties were advised they had until September 22, 2015, to file written objections to the Report and Recommendation (ECF No. 7). On September 21, 2015, Petitioner filed a motion for extension of time in which to file objections (ECF No. 8), which was granted and Petitioner was granted until October 9, 2015 to file his objections (ECF No. 9). On October 16, 2015, Petitioner filed a second motion for extension of time in which to file objections (ECF No. 10). On October 19, 2015, the motion was granted and Petitioner was granted until November 6, 2015, to file written objections. On October 26, 2015, Petitioner filed his written objections (ECF No. 13).

1

After a *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation, and the Objections thereto, the undersigned district court judge concurs with the magistrate judge's report and recommendation. For the reasons stated below, the court, will, therefore, adopt the report and recommendation, as supplemented by the following discussion.

First, the record reflects that Petitioner did not fully exhaust his administrative remedies as set forth in 28 C.F.R. § 542.10, *et seq*. While he submitted a Request for Administrative Remedy wherein he inquired about the application of a MGTV to his custody classification score on April 4, 2006, he did not appeal this decision to the regional or national levels as required. As such, he has failed to exhaust the administrative remedies available to him concerning these allegations under 28 C.F.R. 542.10, *et. seq*.

Even assuming, that Petitioner had exhausted his administrative remedies, his Petition should still be dismissed. As the report points out, a challenge to Petitioner's ineligibility for camp placement is not a challenge to the fact or duration of his term of imprisonment. As such, the court lacks jurisdiction over this matter under 28 U.S.C. § 2241.

Next, Petitioner's claim that the immigration detainer expired 48 hours after it was lodged is without merit. The 48-hour window for DHS/ICE to assume custody of Petitioner will begin when Petitioner completes his current term of incarceration. The detainer in question was issued lawfully and remains in effect.

Last, Petitioner's claim simply does not implicate the denial of a liberty interest such that he has been denied due process of law. Petitioner contends that his "unalienable interest in liberty protected by the due process protection clause of the United States Constitution has been unlawfully forfeited when the respondents engaging in unauthorized conduct allowed an eleven

(11) year fully expired "Detainer-Notice" to serve as a lawful reason to arbitrarily and capriciously place Petitioner under heighted custody, risk and security classification; . . ." Pet. at 4. As explained in the report, the INS detainer was issued lawfully and remains in effect.

Petitioner also argues that the government violated his liberty interests and due process rights in applying a MGTV that prevents him from camp placement. It is well settled that a prisoner has no liberty interest in a particular housing location or custody level while under the jurisdiction of correctional authorities. Therefore, Petitioner has failed to show that the BOP's application of a MGTV was wrongly applied or was otherwise unconstitutional or violative of his right to due process. Since no liberty interest is affected by Petitioner's classification, this claim must likewise be denied.

For all these reasons, the Court finds that Petitioner's objections do not undermine the recommendation of the magistrate judge and the following Order is entered:

AND NOW, this 16th day of November, 2015:

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus is **DISMISSED.**

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 7) is **ADOPTED** as the opinion of the court, as supplemented by the memorandum opinion accompanying this order.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED.**

3

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

By the Court:

Kim R. Gibson
United States District Judge

cc: RICARDO DELEON
08902-078
LORETTO
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
LORETTO, PA 15940
(via U.S. First Class Mail)

Amie S. Murphy
United States Attorneys Office
(via ECF electronic notification)